UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

HUNTER ALEXANDER, )
)
            Plaintiff, )
)
      v. ) No. 1:26-cv-00007-JPH-MJD
)
JOHN DOE, et al., )
)
            Defendants. )

**ORDER SCREENING AND DISMISSING COMPLAINT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Hunter Alexander, an Indiana Department of Correction ("IDOC")

inmate, has flooded this Court with frivolous lawsuits. Dkt. 20 at 1. His

persistence in filing frivolous cases resulted in a filing restriction, which prevents

him from filing papers in civil non-habeas actions for two years and until he pays

his outstanding filing fees. *Id.* at 4–6.

Mr. Alexander filed this complaint on January 2, 2026, before the filing

restriction was issued. Dkt. 2. In this Order, the Court screens and dismisses

the complaint in this action and directs the entry of final judgment.

**I.      Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.    The Complaint

Mr. Alexander names three "John Doe" defendants: the warden of the Reception Diagnostic Center ("RDC"), the IDOC Commissioner, and "Health Care Providers." Dkt. 2 at 1.

Mr. Alexander provides no facts in his complaint but refers to a narrative in a separate filing. The Court understands the narrative to be page 4 of his motion for counsel. *See* dkt. 3 at 4. Mr. Alexander states that upon his arrival at RDC on August 1, 2025, he was strip-searched and required to shower in front of a camera, but he was not allowed to file a Prison Rape Elimination Act (PREA) complaint. He experienced multiple searches that he found degrading.

Also, Mr. Alexander is diabetic. He complained to RDC correctional and medical staff that he was not receiving a diabetic diet and that, as a result, he was having blurry vision and nerve pain in his feet. Despite this, correctional staff placed him on an upper range where he had to climb stairs.

2

Mr. Alexander also alleges that he was subjected to unhygienic conditions in his cell but was not provided proper cleaning supplies.

Finally, Mr. Alexander alleges that he was not allowed to make a phone call for over 30 days, and staff at Pendleton Correctional facility lost his legal mail.

Mr. Alexander seeks damages.

### III.    Dismissal of the Complaint

The complaint must be **dismissed for failure to state a claim** upon which relief can be granted.

Mr. Alexander could potentially have claims about his medical care at RDC, overly intrusive searches of his body, or conditions of his confinement. But to be liable, a defendant must be personally involved in the alleged violation. Mr. Alexander does not allege that the warden of RDC or commissioner of the IDOC was aware of his various issues. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 ... requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted). Accordingly, all claims against the warden and commissioner are **dismissed** for failure to state a claim.

Mr. Alexander named a few medical professionals in his supplement, but he did not name them as defendants in his complaint. Rather, he simply listed "Health Care Providers John Doe" and said that the identities of the defendants were "to be discovered." Dkt. 2 at 1-2. These claims **are dismissed** for failure to state a claim because "it is pointless to include [an] anonymous defendant [ ] in

federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit.

In almost all cases where a plaintiff is proceeding pro se, the plaintiff should be provided an opportunity to amend his complaint or show cause why the case should not be dismissed. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Such a step is unnecessary here because Mr. Alexander is not allowed to file papers in this Court for two years. Dkt. 20. Accordingly, this case is **dismissed with prejudice for failure to state a claim upon which relief can be granted**. Final judgment consistent with this Order shall now issue.

Further, because this action is being dismissed, Mr. Alexander's motion for counsel, dkt. [3], is **denied**. *See Watts v. Kidman,* 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

### IV.   Conclusion

This case is **dismissed with prejudice for failure to state a claim upon which relief can be granted**. Mr. Alexander's motion for counsel, dkt. [3], is **denied**.

Final judgment consistent with this Order shall now issue.

In light of the filing ban issued on April 23, 2026, the only filing the Court will accept in this case is a Notice of Appeal. *See* dkt. 20 at 6. If Mr. Alexander files an appeal in this matter, he is reminded that the cost to file an appeal is $605.00.

**SO ORDERED.**

Date: 5/6/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

HUNTER ALEXANDER
201044
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

5